UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:26-cr-4-SCR |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| CHRISTOPHER MARK COLLINS, JR. | ) | 18 U.S.C. § 1343 |
| | ) | |
| | ) | |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

### Introduction

1.      From on or around July 6, 2022, until at least September 27, 2023, the Defendant, CHRISTOPHER MARK COLLINS, JR., executed a scheme to defraud his customers through fraudulently obtaining large monetary deposits for home renovation projects that he never intended to complete. As part of the scheme, COLLINS made material misrepresentations and stole approximately $369,606.87 from customers, which he spent for gambling and other personal purposes.

### The Defendant and Relevant Entities

2.      COLLINS was a resident of Valdese, North Carolina.

3.      CMC Home Solutions, LLC ("CMC") was a home renovation company owned by COLLINS and headquartered in Valdese, North Carolina.

### The Scheme to Defraud

4.      It was part of the scheme and artifice to defraud that COLLINS, through CMC, contracted with customers to provide home renovation services in exchange for a fee. To get customers to enter these contracts, COLLINS made false and misleading statements and concealed material facts from customers, including about the timing of the projects and whether he would complete them.

5.      It was further part of the scheme and artifice to defraud that COLLINS required his victims to make significant down payments pursuant to the contract—often between fifty to eighty percent of the total value of the contract—to COLLINS on and around the dates that they signed the contracts. COLLINS made material misstatements about the contracts and the purposes of the down payments, such as allowances for materials.

6.      It was further part of the scheme and artifice to defraud that COLLINS did not provide the home renovation services as promised nor repay the victims' funds.

7. It was further part of the scheme and artifice to defraud that COLLINS concealed and attempted to conceal the scheme from the victims by making false representations about why he had not provided the services as contracted, such as by falsifying injuries, and by promising to complete the project at a future date but failing to do so.

8. It was further part of the scheme and artifice to defraud that COLLINS deposited the victims' funds into at least one bank account under his control and spent the funds for personal purposes, including to pay gambling debts.

9. From on or around July 6, 2022, until at least September 27, 2023, COLLINS defrauded more than a dozen victims into transferring approximately $369,606.87 to COLLINS and a bank account associated with CMC and COLLINS.

## COUNT ONE
## 18 U.S.C. § 1343
## (Wire Fraud)

10. Paragraphs 1 through 9 of this Bill of Indictment are realleged and incorporated by reference.

11. From no later than July 6, 2022, until at least September 27, 2023, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

## CHRISTOPHER MARK COLLINS, JR.

with the intent to defraud, did knowingly and intentionally devise the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and for the purpose of executing such scheme and artifice to defraud, did cause to be transmitted by means of wire communication in interstate commerce any writing, signal, or sound, to wit, the defendant, while located in Catawba County, North Carolina, did send or cause to be sent wires in interstate commerce, including but not limited to electronic financial transactions and other transmissions in interstate commerce.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

        a.      All property which constitutes or is derived from proceeds of the violation set forth in this Bill of Indictment; and

        b.      If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of $369,606.87, such amount representing the proceeds of the wire fraud scheme set forth herein.

A TRUE BILL

GRAND JURY FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

GRAHAM BILLINGS
ASSISTANT UNITED STATES ATTORNEY